IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-59-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT EARL MAYS | ) | |

This matter is before the court on Defendant Robert Earl Mays's Motion to Sever Defendants and Offenses for Trial (Prejudicial Joinder) [DE-57]. For the reasons stated herein, the motion is DENIED.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In an Indictment filed on February 19, 2015, the defendant was charged with bank robbery, aiding and abetting bank robbery, and being a felon in possession of a firearm. *See* Indictment [DE-1]. In relevant part, the Indictment charges that the defendants

> aiding and abetting each other, by force and violence, and by intimidation, did take from the person and presence of another person, United States Currency . . . belonging to and in the care, custody, control, management, and possession of PNC Bank . . . .

*Id.* at 1. Both the defendant and the government agree, per their briefs, that Defendant Mays was not in the bank during the robbery. Rather, Defendant Mays was found when the police traced a GPS tracking device, which had been placed within the stolen money, to a car driven by Defendant Mays and rented in the name of one of his codefendants, Ricky Franks. When Defendant Mays was stopped, the two other defendants were fund in the trunk of the vehicle. In his motion, Defendant Mays contends severance is required to

prevent a conviction based on prejudicial spillover from evidence against his codefendants.

## ANALYSIS

Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or informatoin may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Fourth Circuit Court of Appeals has observed that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981). There is a presumption that codefendants will be tried jointly, and the presumption applies equally to aiding and abetting cases. *See Zafiro v. United States*, 506 U.S. 534, 537-38 (1993).

Federal Rule of Criminal Procedure 14(a) permits severance "[i]f the joinder ... appears to prejudice a defendant...." Fed. R. Crim. P. 14(a). In making the severance determination generally, the focus is on whether the failure to sever will result in the compromise of a specific trial right of one of the defendants or prevent the jury from making a reliable judgment concerning guilt or innocence. *Zafiro*, 506 U.S. at 539. The mere facts that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, are insufficient bases for ordering separate trials. *See United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001); *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal citations omitted). Instead, the defendant seeking severance must make a "strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). The defendant has not met that burden.

2

The defendant argues severance is required to prevent a conviction based on prejudicial spillover from evidence against his codefendants. The defendant explains that "the initial discovery produced by the government in connection with this case strongly suggests that a disproportionate amount of trial evidence presented by the government would be directed at Ricky Franks and Paris Cordava Williams." *See* Motion to Sever [DE-57] at 3-4. The defendant argues that this disproportionate evidence would make it difficult for the jury to give the defendant "the individual consideration required by our legal system." *Id.* at 4.

As the cases cited by the defendant show, prejudice is more likely to be shown, and severance granted, in cases involving more defendants and more charges. *See, e.g., United States v. Toliver*, 541 F.2d 958 (2nd Cir. 1976) (involving at least seven conspiracies and conspirators); *United States v. Bertolotti*, 529 F.2d 149 (2nd Cir. 1975) (involving twenty-nine defendants and thirteen overt acts). Here, there are three defendants and a single act. Furthermore, the court can provide a sufficient legal remedy by issuing a limiting instruction to the jury. The defendant has not made a strong showing of prejudice if he is tried with his codefendants.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Sever Defendants and Offenses for Trial (Prejudicial Joinder) [DE-57] is DENIED. Arraignment is scheduled in this matter for June 29, 2015, at 10:00 A.M in Wilmington, North Carolina.

SO ORDERED.

This, the 24 day of June, 2015.

JAMES C. FOX
Senior United States District Judge